1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY W.,

                          Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

Case No. C22-5026 RSM

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

        Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by discounting her symptom testimony, and rejecting the medical opinions of Paul Wilson-Grills, ARNP, Dr. Kang, and Dr. McCaw.  Dkt. 10.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

### BACKGROUND

        Plaintiff applied for a Title II application for a period of disability and Disability Insurance Benefits and a Title XVI application for Supplemental Security Income on December 13, 2019, alleging a disability onset date of May 1, 2019.  Administrative Record ("AR") 15, 72, 88, 106, 123.  Plaintiff later amended her alleged onset date to September 30, 2019.  AR 15, 40.

1    Prior to applying for social security benefits, Plaintiff worked as a barista and as a shift

2   supervisor at Starbucks for six years. AR 21, 23, 45, 375, 428.  Plaintiff later resigned from

3   Starbucks to work as a farrier, but had to stop working after sustaining an injury.  AR 23, 40–41.

4    ALJ Worrall conducted a hearing on April 9, 2021, and issued a decision finding Plaintiff

5   not disabled.  AR 15–30.  The ALJ found Plaintiff could not perform past relevant work but had

6   the residual functional capacity to perform a light range of work and occasionally interact with

7   supervisors, coworkers, and the public.  AR 20, 26, 28.

8    **DISCUSSION**

9    The Court may reverse ALJ Worrall's decision only if it is legally erroneous or not

10   supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

11   The Court must examine the record but cannot reweigh the evidence or substitute its judgment

12   for the AL's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is

13   susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if

14   rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on

15   account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

16   **1.    Plaintiff's Testimony**

17    Plaintiff contends the ALJ erred in discounting her symptom testimony.  Dkt. 10 at 2–6.

18    Plaintiff testified that prior to her injury, she experienced migraines two to three times a

19   month.  AR 50, 59.  After her injury, her migraines increased to five days a week.  AR 52–53. To

20   deal with her migraines, Plaintiff takes medication, darkens the house, and lays on her back for

21   six to eight hours. AR 52–53.

22    Plaintiff also testified to having anxiety.  *See* AR 40–62.  Plaintiff explained that due to

23   her anxiety, she leaves her home only twice a week for 20 minutes.  AR 59.  She also explained

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 2

she cannot be with or interact with people for an extended period of time, so she only goes to places five to ten minutes away so she can immediately leave when she finds her situation too overwhelming.  AR 59–63.  Plaintiff testified that opening her mail, doing household chores, making phone calls, and making appointments trigger her anxiety as she finds those activities too overwhelming.  AR 61–62.

Where, as here, an ALJ determines that a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so."  *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).

In this case, the ALJ reasonably discounted Plaintiff's testimony about her migraines for being inconsistent with Plaintiff's medical records, which show her migraines have improved since her amended alleged onset date.  AR 23.  Plaintiff started physical therapy for her migraines in October 2019; treatment records from her sessions during that month and the following months show her symptom continuously decreased in severity and intensity.  AR 468–69.  On October 16, Plaintiff presented with a headache she claimed had been ongoing for four weeks.  AR 469.  The following day, Plaintiff's therapist noted "moderate improvements with HA tension."  AR 468.  On October 21, Plaintiff reported, "pain levels are better."  AR 472.  She similarly reported her "migraines are getting better" a few days later.  AR 473.  Later that month, Plaintiff reported "feeling better after treatment in regards to head pressure."  AR 474.  Treatment notes from November 2019 showed similar results.   Plaintiff reported her headaches were "not nearly to the intensity it was" and she was "no longer incapacitated from the pain."  AR 477.  Plaintiff's therapist noted Plaintiff was "making steady gains on her unrelenting

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 3

migraine pain" and that continued therapy would minimize her migraines. AR 478. In December 2019, Plaintiff presented with a headache, but her treatment notes focused primarily on nausea and she was instructed to continue with her medication. AR 549. In January 2020, Plaintiff reported her migraines had improved, and her treatment notes again focused primarily on her nausea. AR 586. In August 2020, Plaintiff reported that she started having migraine headaches five days a week; her medication dosage was subsequently increased. AR 672. The following month, Plaintiff started taking propranolol and "found it quite helpful in terms of her migraines," but stopped taking it because it increased her anxiety. AR 669. Plaintiff then started taking monthly injections for her migraines from Dr. Kang. AR 780–800. In January 2021, Dr. Kang noted Plaintiff "noticed less frequent migraine (>40%)." AR 781. By February and March 2021, Plaintiff had "noticed less frequent migraine (>50%)." AR 794, 800. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Because Plaintiff's treatment notes show her therapy sessions and monthly injections significantly lessened the severity and intensity of her migraines, the Court finds the ALJ did not err in discounting this portion of Plaintiff's testimony.

The Court, however, finds the ALJ fell short of providing a valid reason to discount Plaintiff's testimony about her anxiety. The ALJ found Plaintiff's record "only partially supports her allegations" about her anxiety, and cites medical evidence showing largely normal mental exam findings and treatment records indicating medication was effective in stabilizing her anxiety. AR 24 (citing 638, 641, 643, 648, 650, 682, 684). However, the Court cannot say that the cited evidence clearly and convincingly undermines Plaintiff's testimony concerning her anxiety. The ALJ points to examination results showing Plaintiff had normal or intact thought

processes, orientation, perception, memory, and judgment within normal limits, but such findings

do not necessarily relate to or negate Plaintiff's statements about finding routine activities too

overwhelming.  Nor does the cited evidence specifically mention Plaintiff's social interaction

capabilities.  The only evidence the ALJ does cite to pertaining to Plaintiff's social interaction

ability is Dr. McCaw's mental evaluation, but this weakens the ALJ's finding—in his evaluation,

Dr. McCaw opined that based on Plaintiff's mental impairments, she would be markedly limited

with communicating and performing effectively in a work setting and maintaining appropriate

behavior in a work setting.  *See* AR 636.  Because the medical evidence does not clearly and

convincingly undermine Plaintiff's testimony about her anxiety, the Court finds the ALJ erred in

rejecting this portion of Plaintiff's testimony.

The Court also finds the ALJ erred in discounting Plaintiff's testimony about her anxiety

based on her activities of daily living.  *See* AR 26.  The ALJ found Plaintiff's ability to prepare

meals, do light household chores, drive, read, knit, use social media, attend book club, use a

checkbook, and shop in stores undermined Plaintiff's testimony about her inability to interact

with others because of her anxiety.  But "the mere fact that a plaintiff has carried on certain daily

activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in

any way detract from her credibility as to her overall disability.  One does not need to be 'utterly

incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)

(quoting *Fair*, 885 F.2d at 603).  Additionally, the evidence cited by the ALJ does not negate

Plaintiff's statements.  Plaintiff wrote in her function report that anxiety prevents her from doing

house or yard work, and that she does not manage her bills because looking at her savings

account caused her anxiety.  AR 284.

In sum, because the ALJ provided a clear and convincing reason to discount Plaintiff's

testimony about her migraines, the Court will accordingly affirm this finding. However, because

the ALJ fell short in providing a valid reason to discount Plaintiff's testimony about her anxiety,

the Court finds the ALJ erred in discounting this portion of her testimony.

### 2. ARNP Paul Wilson-Grills's Opinion

Plaintiff contends the ALJ erred in rejecting the opinion of Paul Wilson-Grills, ARNP.

Dkt. 10 at 8–9.

Mr. Wilson-Grills completed a questionnaire prepared by Plaintiff's counsel, which lists

a series of statements and poses questions about Plaintiff's impairments and her ability to work.

AR 770–73. In the "Social Interaction" category of the questionnaire, Mr. Wilson-Grills rated

Plaintiff markedly limited with her ability to: interact appropriately with the general public; ask

simple questions or request assistance; accept instructions and respond appropriately to criticism

from supervisors; get along with coworkers or peers without distracting them or exhibiting

behavior extremes; and maintain socially appropriate behavior and to adhere to basic standards

of neatness and cleanliness. AR 772. One of the questions in the questionnaire asked, "Do you

believe that your patient can work on a regular and sustained basis in light of his or her mental

impairment?" AR 773. For this question, Mr. Wilson-Grills wrote "NO" and explained, in

relevant part, "As the patient suffers from considerable psychiatric illness she would not be able

to work even part time. She has significant mood fluctuations including severe anxiety,

depression and hypomania." *Id*. The final question in the questionnaire stated, "The opinions

expressed above are based on my observations, the medical record and professional expertise."

AR 813. For this question, Mr. Wilson-Grills circled "Yes." *Id*.

Only licensed physicians and certain other qualified specialists are considered

"[a]cceptable medical sources." 20 C.F.R. § 404.1513(a). In contrast, nurse practitioners and

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 6

counselors are defined as "other sources," and are not entitled to the same level of deference as acceptable medical sources. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *and see* 20 C.F.R. § 404.1513(a)(4); 20 C.F.R. § 404.1527. However, the opinions and evidence from other sources are important and must be evaluated by the ALJ. *See e.g. Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014). To discredit the testimony of other source witnesses, an ALJ must give germane reasons. *See Molina*, 674 F.3d at 1111.

The ALJ rejected Mr. Wilson-Grills's opinion for several reasons, but none are germane for the Court to affirm the ALJ's decision. *See* AR 27. First, the ALJ found the opinion "not persuasive in part because it is a series of pre-printed disabling limitations." AR 27. Rejecting an opinion because it was provided in a format such as the one completed by Mr. Wilson-Grills is not in itself a valid reason if the opinion was supported by Mr. Wilson-Grills's treatment records. *See Garrison*, 759 F.3d at 1013 (finding it error to reject an opinion expressed in a check-box form if opinion is based on medical source's experience with claimant and supported by numerous records). In this case, as one of Plaintiff's treating sources, Mr. Wilson-Grills had experience with Plaintiff and treatment records from which he could have based his opinions on. *See* AR 641–47. The ALJ, therefore, could not properly reject Mr. Wilson-Grills's opinion for this reason.

The ALJ also found the opinion inconsistent "with the mental status exam findings, treatment notes, or the claimant's subjective reports." AR 27. As previously discussed, Plaintiff's mental examination results largely show normal findings, and her treatment records indicate her anxiety was effectively managed by medication. AR 638, 641, 643, 648, 650, 682, 684. But the ALJ provides no explanation as to how such findings necessarily negate Mr. Wilson-Grills's opinion about Plaintiff's markedly limited abilities to socially interact in a work

setting and work on a regular basis with her mental impairment.   The ALJ must articulate

sufficiently specific reasons for the claimed inconsistency.  *See Bayliss v. Barnhart*, 427 F.3d

1211, 1218 (9th Cir. 2009). Without further explaining how Mr. Wilson-Grills's opinion is

inconsistent with Plaintiff's mental exams, treatment notes, and subjective reports, the ALJ fails

to provide a sufficient basis for his conclusion.

The ALJ also found Mr. Wilson-Grills's opinion inconsistent with the findings of "ARNP

Fong, or other psychiatric findings."  AR 27–28.  However, the ALJ fails to explain how Mr.

Fong's findings are inconsistent with Mr. Wilson-Grills's opinion—Mr. Fong's treatment notes

are substantively similar to Mr. Wilson-Grills's, if not more indicative of the severity of

Plaintiff's anxiety.  *See* AR 648–53.  For example, Mr. Wilson-Grills's notes include Plaintiff's

report that she denied having restlessness and irritability over the last two weeks, while Mr. Fong

noted that Plaintiff reported fearing something awful happening for several days over the last two

weeks.  AR 642, 649.  Further, the ALJ fails to explain which "other psychiatric findings" he is

referring to.  AR 28.  It is not the job of the reviewing court to comb the administrative record to

find specific conflicts.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).  Without further

explaining where in Plaintiff's medical record the Court should turn to, the Court is unable to

assess whether the ALJ properly or improperly rejected Mr. Wilson-Grills's opinion.

The ALJ also rejected Mr. Wilson-Grill's opinion for being inconsistent with Plaintiff's

prior employment at Starbucks.  AR 28.  A claimant's work history prior to the alleged onset

date is of limited probative value.  *See Carmickle,* 533 F.3d at 1165; *Swanson v. Sec'y of Health

& Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985).  Plaintiff stopped working at Starbucks

prior to her amended alleged onset date, making her time there of limited relevance.  But even if

the Court were to consider Plaintiff's employment at Starbucks, the Court cannot say it is a

germane reason to reject Mr. Wilson-Grills's opinion because it is at odds with the ALJ's own finding that Plaintiff is unable to perform her past work.  *See* AR 28.  According to the ALJ, Plaintiff is unable to go back to her past work "as actually or generally performed," because the demands of working at Starbucks exceed the Plaintiff's residual functional capacity.  *Id*.  But here, the ALJ proceeds to reject Mr. Wilson-Grills's opinion *because* of her work at Starbucks. The ALJ's reasoning is contradictory and not a germane reason to reject Mr. Wilson-Grills's opinion.

Finally, the ALJ rejected Mr. Wilson-Grills's opinion because "he is not familiar with the evidentiary requirements of the program at issue including the durational requirement."  AR 28. The ALJ does not explain where in the record this conclusion was based on, therefore, the Court cannot determine if this is factually correct, or a germane reason to uphold the ALJ's finding. The Commissioner argues the regulations, specifically 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5), state that knowledge about the agency disability program is a relevant factor to consider and the Court should thus uphold the ALJ's decision to reject Mr. Wilson-Grills's opinion.  *See* Dkt. 11 at 15.  However, the regulations the Commissioner cites explains how an ALJ weighs medical opinions, not "other source" opinions such as those of a nurse practitioner.  The Commissioner does not cite, and the Court does not find, any regulation or social security ruling dictating that a lack of familiarity with the social security program can be used as a basis to discount "other source" testimony.  Accordingly, the Court finds the ALJ erred in rejecting Mr. Wilson-Grills's opinion for this reason.

**3.     Dr. Kang's and Dr. McCaw's Opinions**

Plaintiff contends the ALJ erred in rejecting Dr. Kang's and Dr. McCaw's medical opinions.  Dkt. 10 at 6–10.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 9

1    Dr. Kang, one of Plaintiff's treating providers, completed a questionnaire prepared by

2    Plaintiff's counsel on March 10, 2021, which lists a series of statements and poses questions

3    about Plaintiff's impairments and her ability to work.  AR 812–13.  One question asked at what

4    frequency Plaintiff experienced migraines.  AR 812.  Dr. Kang indicated five every week.  *Id.*

5    Another question asked the number of work hours Plaintiff needs to recline during an eight hour

6    workday.  AR 813.  For this question, Plaintiff circled "6-8 hrs," and wrote that this response

7    was based on Plaintiff's "intractable migraine."  *Id*.

8    In *Woods v. Kijakazi*, 2022 WL 1195334 (9th Cir. 2022), the Court of Appeals held the

9    regulations governing applications filed after March 27, 2017, supplant the hierarchy governing

10   the weight an ALJ must give medical opinions and the requirement the ALJ provide specific and

11   legitimate reasons to *reject a doctor's opinion*.  Under the new regulations, the ALJ considers the

12   persuasiveness of the medical opinion using five factors (supportability, consistency, relationship

13   with claimant, specialization, and other), with supportability and consistency being the two most

14   important factors.  Supportability means the extent to which a medical source supports the

15   medical opinion by explaining the "relevant ... objective medical evidence."  20 C.F.R.

16   § 416.920c(b)(2), (c), § 404.1520c(c)(1).  Consistency means the extent to which a medical

17   opinion is "consistent ... with the evidence from other medical sources and nonmedical sources

18   in the claim."  *Id.* § 404.1520c(c)(2). The ALJ's decision must explain how the ALJ considered

19   the factors of supportability and consistency, 20 C.F.R. § 416.920c(b), and must be supported by

20   substantial evidence.  An ALJ cannot reject a doctor's opinion as unsupported or inconsistent

21   without providing an explanation supported by substantial evidence.  *Woods*, 2022 WL 1195334,

22   at *6.  The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from

23   each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 10

1   supportability and consistency factors" in reaching these findings, *id*. § 404.1520c(b)(2).

2   In this case, the ALJ reasonably rejected Dr. Kang's opinion for being inconsistent with

3   the medical evidence. *See* AR 27. As previously discussed, treatment notes from Plaintiff's

4   medical providers consistently indicated Plaintiff's migraines were managed effectively and had

5   been improving with physical therapy and the monthly injections administered by Dr. Kang

6   himself. *See* AR 468–78, 549, 586, 672, 780–800. An ALJ may reasonably reject a doctor's

7   opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v.*

8   *Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating

9   physician's opinion may properly be rejected where it is contradicted by other medical evidence

10  in the record). Because the objective medical evidence consistently showed improvement in

11  lessening the frequency and severity of Plaintiff's migraines, the Court finds the ALJ reasonably

12  rejected Dr. Kang's medical opinion.

13  The ALJ provided other reasons to reject Dr. Kang's medical opinion, but in providing at

14  least one valid reason, supported by substantial evidence, the Court does not need to further

15  analyze whether those reasons were erroneous. *See Carmickle*, 533 F.3d at 1162.

16  Dr. McCaw completed a psychological evaluation of Plaintiff on April 24, 2020,

17  diagnosing her with, among other impairments, unspecified anxiety disorder. AR 635. Based on

18  her impairments, Dr. McCaw opined Plaintiff had mild to marked limitations in her ability to

19  perform basic work activities. AR 635–36. Notably, Dr. McCaw opined Plaintiff was markedly

20  limited in performing activities within a schedule, maintaining regular attendance, and being

21  punctual within customary tolerances without special supervision; adapting to changes in a

22  routine work setting; communicating and performing effectively in a work setting; maintaining

23  appropriate behavior in a work setting; completing a normal work day and work week without

1    interruptions from psychologically based symptoms; and setting realistic goals and planning

2    independently.  AR 635–36

3          The ALJ rejected Dr. McCaw's opinion for several reasons.  First, the ALJ found his

4    opinion "not persuasive because it is based on a limited, one time exam and is not well supported

5    by the exam findings."  AR 28.  A medical source providing a "one-time exam" is not in itself a

6    valid reason to reject Dr. McCaw's opinion.  This is contrary to the requirement that the ALJ

7    must consider all relevant evidence, including medical opinions of examining doctors.  *See* 20

8    C.F.R. § 404.1520c(b) (ALJ will determine a claimant's capacity to work based on all medical

9    opinions in claimant's record).  Further, contrary to the ALJ, Dr. McCaw's opinion is not

10   internally inconsistent.  Though Plaintiff's mental exam showed she had linear thought process,

11   and her orientation, memory, fund of knowledge, abstract thought, and insight and judgment

12   were within normal limits, these results do not necessarily negate Dr. McCaw's opinion about

13   Plaintiff's ability to sustain certain activities "over a normal workday and workweek on an

14   ongoing, appropriate, and independent basis."  AR 635–38.

15         The ALJ also found Dr. McCaw's opinion inconsistent with the "the totality of the

16   objective exam findings and treatment notes," but fails to properly explain the purported

17   inconsistencies.  *See* AR 28.  The medical evidence cited by the ALJ pertaining to Plaintiff's

18   anxiety show "largely normal findings," and her treatment records indicate her anxiety was

19   effectively managed by medication.  AR 638, 641, 643, 648, 650, 682, 684.  However, the ALJ

20   does not explain how the evidence necessarily undermine Dr. McCaw's opinions about

21   Plaintiff's marked limitations when it comes to completing basic activities in a work setting.  *See*

22   AR 643, 650, 684.  The ALJ's reasoning is simply "boilerplate language that fails to offer a

23   substantive basis for" the ALJ's conclusion.  *Garrison*, 759 F.3d 995 at 1012–13.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 12

1   Finally, the ALJ rejected Dr. McCaw's opinion because of Plaintiff's work history.  AR

2   28.  The Court found this reason failed to meet the standards required to reject the opinion of an

3   "other medical source."  This reason, therefore, also fails to meet the standards required to reject

4   the opinion of an acceptable medical source such as Dr. McCaw.

5   In sum, because Dr. Kang's medical opinion was inconsistent with medical evidence, the

6   Court affirms the ALJ's decision to reject his opinion.  However, because the ALJ failed to

7   provide at least one valid reason to reject Dr. McCaw's opinion, the Court finds the ALJ erred in

8   rejecting Dr. McCaw's opinion.

9                                               **CONCLUSION**

10   For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

11   case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

12   405(g).

13   As discussed above, the Court affirms the ALJ's determinations regarding the opinions of

14   Dr. Kang.  On remand, the ALJ shall reevaluate Plaintiff's testimony and the opinions of Mr.

15   Wilson-Grills and Dr. McCaw; develop the record and reassess Plaintiff's RFC as needed; and

16   proceed to the remaining steps of the disability evaluation process as appropriate.

17   DATED this 14th day of June, 2022.

18

19

20   RICARDO S. MARTINEZ
     CHIEF UNITED STATES DISTRICT JUDGE

21

22

23