UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY W.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. C22-5026 RSM

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO AMEND JUDGMENT**

  This matter is before the Court on Defendant's Motion to Amend Judgment pursuant to Fed. R. Civ. P. 59(e). For the reasons set forth below, the Court finds the motion should be granted in part and denied in part.

## BACKGROUND

  On June 14, 2022, the Court entered an order reversing and remanding the Social Security Administration's denial of benefits. Dkt. 14. On July 11, 2022, Defendant filed the present motion, arguing that the Court erred in finding that the ALJ improperly evaluated the medical opinion evidence and Plaintiff's symptom testimony. Dkt. 15.

## DISCUSSION

  Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO AMEND
JUDGMENT - 1

(internal citations and quotation marks omitted). "Indeed, 'a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). The Court has "considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

### 1. Medical Opinion Evidence

The Commissioner contends that in considering whether the ALJ properly evaluated the medical opinions of Mr. Grills and Dr. McCaw, the Court was required to use the new regulations set forth in *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). Dkt. 15 at 2–9.

The Court agrees that because Plaintiff submitted her applications after March 27, 2017, the ALJ's findings with all of the medical opinion evidence should have been reviewed using the supportability and consistency factors under 20 C.F.R. §§ 404.152c(c), 416.920c(c). The Court also agrees that under the supportability factor, the ALJ could reasonably find that the medical opinions of Mr. Grills and Dr. McCaw lacked in persuasiveness based on their very own treatment notes. *See* Dkt. 15 at 2–9; 20 C.F.R. §§ 404.152c(c)(1), 416.920c(c)(1). In Mr. Grills' medical treatment notes, though Plaintiff's mood was found to be sad, depressed, and anxious, her memory, insight, and judgment were normal, and her fund of knowledge was excellent. AR 643. Similarly, during Dr. McCaw's evaluation of Plaintiff, he found Plaintiff to have linear thought process and orientation, perception, memory, fund of knowledge, abstract thought, and

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO AMEND
JUDGMENT - 2

insight and judgment within normal limits.  AR 638.  Under the supportability factor, a medical

2  opinion's persuasiveness is based on the relevance of "the objective medical evidence and

3  supporting explanations presented by the medical source."  *See* 20 C.F.R. §§ 404.1520c(c)(1);

4  416.920c(c)(1).  As the content of Mr. Grills' and Dr. McCaw's treatment notes undermine their

5  opinions that Plaintiff was markedly limited in several areas, the Court finds the ALJ properly

6  evaluated their opinions.

7        **2.**      **Plaintiff's Testimony**

8        The Commissioner contends the Court should affirm the ALJ's finding that Plaintiff's

9  symptom testimony was undermined by her medical records and activities of daily living.  *See*

10  Dkt. 15 at 9–12.

11        In its order, the Court found that treatment notes cited by the ALJ, which showed

12  Plaintiff often presented with normal or intact thought processes, orientation, perception,

13  memory, and judgment within normal limits, did not necessarily undermine Plaintiff's statements

14  about her anxiety.  Dkt. 13 at 4–6.  The Commissioner again recites the findings from these

15  treatment notes, but does not explain how Plaintiff's presentations during her appointments

16  clearly and convincingly contradict Plaintiff's statements about how her anxiety prevents her

17  from interacting with others for long periods of time and engaging in the activities she found

18  overwhelming.  *See* Dkt. 15 at 10.

19        The Commissioner also disputes the Court's finding that Plaintiff's activities did not

20  necessarily contradict her testimony and points to case law where the Ninth Circuit found "that

21  even routine activities can undermine a claimant's subjective complaints."  Dkt. 15 at 11.

22  Specifically, the Commissioner argues that Plaintiff's ability to participate in a book club once

23  every two weeks, use social media, visit friends and family, and shop in stores is inconsistent

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO AMEND
JUDGMENT - 3

with her statements about how her anxiety leaves her "nearly housebound." *See id*. But as the Court previously stated in its order, these activities do not negate Plaintiff's statements because Plaintiff herself testified to being able to do these activities, though with difficulty because of her anxiety. *See* Dkt. 13 at 5. She explained that she attended book clubs virtually once a month and that she does not necessarily participate. *See* AR 54. Plaintiff explained that she leaves the house to go grocery shopping, though it has become "harder than it used to be." AR 60. Plaintiff also explained that she visits friends and family, but only those who live five to ten minutes away, so she is able to leave immediately if she has to. *See* AR 60–61. Plaintiff's ability to engage in these activities does not clearly and convincingly contradict her testimony because Plaintiff herself testified to being able to do them. Accordingly, the Court adequately addressed the ALJ's evaluation of Plaintiff's symptom testimony.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to amend is GRANTED to the extent that the ALJ did not err in evaluating Mr. Grills' and Dr. McCaw's opinions, but DENIED on the basis that the ALJ improperly rejected Plaintiff's testimony. Remand and reversal on the former is therefore warranted, and the Court's Order reversing and remanding this matter remains in force to that effect.

DATED this 26th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE